IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

   v.

VERNON THORNTON, JR.,

                Defendant.

REPORT AND
RECOMMENDATION

09-cr-92-bbc

---

## REPORT

The United States Attorney's Office obtained an indictment charging defendant Vernon Thornton, Jr. with drug and firearm and offenses after he declined to plead guilty to similar charges in state court. Before the court for report and recommendation are Thornton's motions to dismiss the indictment because it is a prohibited successive prosecution (dkt. 21) and because it is vindictive (dkt. 20). For the reasons stated below, I am recommending that this court deny both motions.

## FACTS

Vernon Thornton, Jr. was arrested on February 26, 2009 for allegedly possessing marijuana and firearm ammunition as a convicted felon. On March 4, 2009, the District Attorney's Office filed a complaint in the Circuit Court for Dane County charging Thornton with marijuana crimes. Thornton retained Preston Smead to represent him.

At a hearing on March 10, 2009, Smead parleyed with Kenneth Farmer, the assistant district attorney assigned to Thornton's case. Farmer offered a deal: if Thornton would plead guilty, then the state would agree to a sentence of one year in county jail with work release privileges. Farmer told Smead that he already had checked with the United States Attorney's Office and could promise that if Thornton accepted the state's offer, then there would be no

federal prosecution. Smead contacted Rita Rumbelow, the Assistant United States Attorney who had reviewed Thornton's case, to confirm Farmer's representations. On May 22, 2009, Rumbelow telefaxed a letter to Smead, stating:

> After Mr. Thornton was arrested on February 26, 2009, law enforcement officials referred his case to our office for federal prosecution. After reviewing the evidence against Mr. Thornton, he could be charged federally with possession with intent to distribute marijuana and felon in possession of ammunition. If convicted in federal court, Mr. Thornton faces at least two years in prison. Although the sentencing guidelines are now advisory, our Court has been adhering to them in the majority of cases.
>
> When I read Mr. Thornton's case, I decided to forego federal prosecution in favor of state prosecution because Mr. Thornton can receive work release privileges in state court and he cannot receive those privileges here. Accordingly, I advised ADA Farmer that if Mr. Thornton resolved the case according to what he believed to be a favorable resolution, that we would not prosecute Mr. Thornton. That offer is not meant to suggest to Mr. Thornton that he cannot exercise his right to go to trial--he certainly can. Only you can advise him on his choices.
>
> ADA Farmer told me has offered Mr. Thornton one-year in county jail with work release privileges. If Mr. Thornton chooses to accept that offer in a timely manner, we will not prosecute him for the February 26, 2009 marijuana and ammunition offenses. If you have any questions, please call me . . ..
>
> Dkt. 20, attached exhibit.

Thornton rejected the state's offer. ADA Farmer told Smead that he would report this to the United States Attorney's Office and that a federal indictment likely would result. At a meeting with the state court, Farmer indicated that he would be dismissing the state's case against Thornton because he expected Thornton him to be charged federally. On July 7, 2009, the state court granted the state's motion to dismiss the state case.

On July 24, 2009, a federal grand jury returned an indictment charging Thornton with one count of being a felon in possession of ammunition. On August 26, 2009, it returned a superseding indictment charging Thornton with two additional drug-related counts.

DISCUSSION

I. Collateral Estoppel

Thornton argues that the instant prosecution is barred by principles of collateral estoppel. Although he recognizes that the Double Jeopardy Clause does not bar successive prosecutions by separate sovereigns like Wisconsin and the United States, *Bartkus v. Illinois*, 359 U.S. 121 (1959), Thornton argues that he qualifies for the "sham prosecution" exception to this rule. This exception theoretically bars one sovereign from using another as a "tool" to bring a successive prosecution that it could not bring on its own. *See Bartkus*, 359 U.S. at 122-24; *but see United States v. Tirrell*, 120 F.3d 670, 677 (7th Cir. 1997) (expressing doubt as to validity of exception and noting that if it exists, it is very narrow). According to Thornton, the federal prosecutor improperly used the state prosecutor as a tool because the federal prosecutor dictated where Thornton should be prosecuted and what would happen if he declined to accept a plea deal in state court. According to Thornton, once the federal prosecutor "chose" Wisconsin as the forum in which to bring charges against him, ever after she was precluded from prosecuting him federally for the same conduct, even though Thornton rejected the state court plea offer that had undergirded the federal prosecutor's initial forbearance.

Even if this court accepts *arguendo* the dubious notion that Thornton actually could establish that his state court prosecution was a "sham,"[1] Thornton still has put the cart before

---

[1] An unlikely proposition, *cf. Tirrell*, 120 F.3d at 677 (significant cooperation between federal and state agencies is not enough to render second prosecution a sham),

the horse: this exception to the dual sovereignty doctrine does not even come into play unless there is a successive prosecution. There is no successive prosecution here because the state case did not proceed far enough to qualify as a first prosecution. As the Court explained in *North Carolina v. Pearce*, 395 U.S. 711 (1969), the Double Jeopardy Clause

> protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.
>
> *Id.* at 717.

None of these circumstances is present here. The state dismissed its charges against Thornton before trial. Jeopardy never attached. Thus, even assuming the state and federal prosecutors can be treated as one in the same for the purposes of the instant motion, federal prosecution is not barred by double jeopardy principles.

II. Vindictive Prosecution

Thornton's vindictive prosecution theory fares no better. Thornton argues that the federal government is punishing him for exercising his right to a trial by dismissing the state charges in favor of federal charges.[2] It is indisputable that a prosecutor may not "punish" or "retaliate" against a person for exercising his or her constitutional rights. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). However, it is well-settled that "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free

---

[2] Thornton also asserts that "the superseding indictment would never have been sought but for Mr. Thornton's decision to continue to pursue his forfeiture claims." Dkt. 23 at 12. However, Thornton does not present any facts or argument to support this assertion. This constitutes waiver. *United States v. Hook*, 471 F.3d 766, 775 (7th Cir.2006).

to accept or reject the prosecution's offer." Here, the federal prosecutor did not punish Thornton for exercising his rights; she merely kept her promise that if Thornton did not resolve his case by pleading guilty in state court, she would bring the federal indictment that she could have brought from the get-go. As the Court explained in *Bordenkircher*, 434 U.S. at 364, there is nothing unlawful about a prosecutor threatening to seek more serious charges if the defendant opts not to plead guilty. *See also United States v. Goodwin*, 457 U.S. 368, 380 (1982) (no due process violation where prosecutor files more serious charges after initial expectation that defendant would plead guilty to lesser charges proved unfounded).

The facts in *Goodwin* are analogous to ours: there, the defendant initially was charged with misdemeanors by a limited duty federal prosecutor who had no authority to seek felony indictments or try felony cases. When the defendant declined to plead guilty to the misdemeanors and expressed his intent to obtain a jury trial before a district judge, the government transferred his case out of the petty offense/misdemeanor court into district court, assigned a regular AUSA to the case and indicted defendant on felony charges. 457 U.S. at 370-71. The Court had no problem with the government proceeding in this fashion. *Id.* at 382-83.

In short, it is Thornton's burden affirmatively to establish actual prosecutorial vindictiveness through objective evidence of prosecutorial animus. *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006). Thornton has not met this burden; in essence, he relies on a presumption of vindictiveness that has been soundly rejected by the case law. It was not vindictive for the government to bring new charges in a new court when Thornton chose to put the state prosecutor to the burden and uncertainty of a jury trial. As the government points out, its actions in this case are conceptually no different from first indicting Thornton in federal court

and then dismissing the case if Thornton agreed to plead guilty in state court. The fact that Thornton is unhappy with the unpalatable choices available to him does not does create a constitutional violation.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motions of Vernon Thornton, Jr. to dismiss the indictment, dkts. 20 and 21, be DENIED.

Entered this 16th day of December, 2009.

BY THE COURT:

/s/

STEPHEN CROCKER
Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

Chambers of
STEPHEN L. CROCKER
U.S. Magistrate Judge

Telephone
(608) 264-5153

December 16, 2009

Rita Rumbelow
Assistant United States Attorney
660 West Washington Avenue, #303
Madison, WI 53703

Reed Cornia
Cornia Law, LLC
1213 North Sherman Avenue
Box 354
Madison, WI 53704

     Re:   United States v. Vernon Thornton
            Case No. 09-cr-92-bbc

Dear Counsel:

    The attached Report and Recommendation has been filed with the court by the United States Magistrate Judge.

    The court will delay consideration of the Report in order to give the parties an opportunity to comment on the magistrate judge's recommendations.

    In accordance with the provisions set forth in the memorandum of the Clerk of Court for this district which is also enclosed, objections to any portion of the report may be raised by either party on or before December 31, 2009, by filing a memorandum with the court with a copy to opposing counsel.

    If no memorandum is received by December 31, 2009, the court will proceed to consider the magistrate judge's Report and Recommendation.

                             Sincerely,

                             /s/

                             Connie A. Korth
                             Secretary to Magistrate Judge Crocker

Enclosures
cc:    Honorable Barbara B. Crabb, District Judge

MEMORANDUM REGARDING REPORTS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b), the district judges of this court have designated the full-time magistrate judge to submit to them proposed findings of fact and recommendations for disposition by the district judges of motions seeking:

(1) injunctive relief;

(2) judgment on the pleadings;

(3) summary judgment;

(4) to dismiss or quash an indictment or information;

(5) to suppress evidence in a criminal case;

(6) to dismiss or to permit maintenance of a class action;

(7) to dismiss for failure to state a claim upon which relief can be granted;

(8) to dismiss actions involuntarily; and

(9) applications for post-trial relief made by individuals convicted of criminal offenses.

Pursuant to § 636(b)(1)(B) and (C), the magistrate judge will conduct any necessary hearings and will file and serve a report and recommendation setting forth his proposed findings of fact and recommended disposition of each motion.

Any party may object to the magistrate judge's findings of fact and recommended disposition by filing and serving written objections not later than the date specified by the court in the report and recommendation. Any written objection must identify specifically all proposed findings of fact and all proposed conclusions of law to which the party objects and must set forth

with particularity the bases for these objections.  An objecting party shall serve and file a copy of the transcript of those portions of any evidentiary hearing relevant to the proposed findings or conclusions to which that party is objection.  Upon a party's showing of good cause, the district judge or magistrate judge may extend the deadline for filing and serving objections.

After the time to object has passed, the clerk of court shall transmit to the district judge the magistrate judge's report and recommendation along with any objections to it.

The district judge shall review de novo those portions of the report and recommendation to which a party objects.  The district judge, in his or her discretion, may review portions of the report and recommendation to which there is no objection.  The district judge may accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and conclusions.  The district judge, in his or her discretion, may conduct a hearing, receive additional evidence, recall witnesses, recommit the matter to the magistrate judge, or make a determination based on the record developed before the magistrate judge.

**NOTE WELL: A party's failure to file timely, specific objections to the magistrate's proposed findings of fact and conclusions of law constitutes waiver of that party's right to appeal to the United States Court of Appeals.** *See United States v. Hall,* 462 F.3d 684, 688 (7th Cir. 2006).